**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN WASHINGTON MEZA GUACHAMIN, | No. 11-73872 |
| Petitioner, | Agency No. A099-417-848 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2013[**]

Before:    GRABER, WARDLAW, and PAEZ, Circuit Judges.

Edwin Washington Meza Guachamin, a native and citizen of Ecuador,

petitions for review of a Board of Immigration Appeals ("BIA") decision denying

his motion to reopen and reconsider his claim for ineffective assistance of counsel.

Our jurisdiction is governed by 8 U.S.C. 1252(a)(1).  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the BIA's denial of a motion to reopen and a motion to reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we dismiss in part and deny in part the petition for review.

To the extent the BIA decided not to reopen under its sua sponte authority, we lack jurisdiction to review it. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

Even assuming that the lawyer performed ineffectively, there was no abuse of discretion in denying the motion to reopen, because Petitioner failed to show prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (requiring prejudice to prevail on an ineffective assistance claim). Petitioner failed to show what additional evidence would have been offered had the BIA reopened the proceedings. *See id*.

With respect to the motion to reconsider and the underlying merits, we lack jurisdiction to review the hardship determinations. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**